IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CV-00190-F

| | |
|---|---|
| RICHARD LOCKOWITZ, ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| Defendant. ) | |

Before the court are the following:

> (1) the Memorandum and Recommendation ("M&R") [DE-22] of United States Magistrate Judge Robert B. Jones, Jr.; and
> (2) the parties' cross Motions for Judgment on the Pleadings [DE-16, -18].

The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this court ADOPTS the findings and recommendations of the Magistrate Judge, Plaintiff's Motion for Judgment on the Pleadings [DE-16] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE-18] is ALLOWED, and the Commissioner's final decision is AFFIRMED.

## I. Discussion

### A. Magistrate Judge's M&R

#### 1. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill, Acting Commissioner of Social Security, has been added as a party. Carolyn W. Colvin's term expired on January 20, 2017, and she has been terminated as a party.

determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On January 26, 2017, the Magistrate Judge issued a M&R, in which he recommended that Plaintiff's Motion for Judgment on the Pleadings [DE-16] be denied, Defendant's Motion for Judgment on the Pleadings [DE-18] be allowed, and the Commissioner's final decision be affirmed. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the M&R and the consequences if they failed to do so. Plaintiff filed Objections [DE-23], to which Defendant filed a Response [DE-24].

**2. Plaintiff's Objections**

**a. Plaintiff argues that the Magistrate Judge erred by finding that the decision of the Administrative Law Judge ("ALJ") to afford the opinion of treating physician Dr. Rickabaugh only some weight was not error.**

In his first objection, Plaintiff argues that the Magistrate Judge erred by finding that the ALJ's decision to afford the opinion of Dr. Rickabaugh only some weight was not error. Objections [DE-23] at 1-3. In particular, Plaintiff contends that the ALJ's opinion and the Magistrate Judge's M&R reflect that they misunderstood Dr. Rickabaugh's usage of the term "activities of daily living." *Id.* at 1.

Pursuant to the regulations, an ALJ is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. § 404.1527(c). When a treating physician's opinion on the nature and

2

severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). A treating physician's opinion should be given "significantly less weight" when it is not supported by clinical evidence or is inconsistent with other substantial evidence. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). When an ALJ discounts the opinion of a treating source, he must give "good reasons" for doing so. 20 C.F.R. § 404.1527(c)(2); *Anderson v. Astrue*, No. 3:11-CV-250-JAG, 2012 WL 4498920, at *5 (E.D. Va. Sept. 28, 2012).

John Rickabaugh, M.D., a physician with board certification in family medicine, began treating Plaintiff in July 2011. (R. 409). On July 3, 2013, Dr. Rickabaugh completed a medical source statement, in which he noted that Plaintiff suffered with "constant" low back pain with radiation into the left buttock, left thigh, and left leg. (Tr. 386-89). While concluding that Plaintiff's prognosis for activities of daily living with medication was "good," Dr. Rickabaugh also opined that Plaintiff was unable to obtain and retain work in a competitive environment eight hours a day for five days a week for a continuous period of six months or more. (Tr. 386, 389).

On January 8, 2014, Dr. Rickabaugh provided a written statement on Plaintiff's behalf. (Tr. 409-11). Dr. Rickabaugh's written statement referenced and elaborated on his July 3, 2013 medical source statement and explained that Plaintiff's diagnoses were degenerative disc disease of the lumbar spine, back pain, non-infectious hepatitis, left ventricular hypertrophy with diastolic dysfunction, and chronic liver disease. (Tr. 409). Dr. Rickabaugh did not believe that Plaintiff had been able to work eight hours per day for five days per week on a regular basis since September 2011. (Tr. 411). Dr. Rickabaugh opined that Plaintiff experienced limitations on sitting and

3

standing. (Tr. 409). In particular, Plaintiff needed to lie down or recline due to his back pain for approximately four hours in an eight-hour workday, in addition to three to four thirty-minute breaks where he could lie down or recline. *Id.* Plaintiff also needed to be able to lie down or recline as needed to relieve pain. (Tr. 410). Dr. Rickabaugh explained that he did not expect Plaintiff's condition to improve, Plaintiff had tried physical therapy, and Plaintiff had been unable to try epidural injections because of his low platelet counts. *Id.* Dr. Rickabaugh noted that at Plaintiff's last appointment, they discussed the possibility of surgery, and Plaintiff was referred for a surgical consultation. *Id.*

The ALJ gave Dr. Rickabaugh's January 8, 2014 opinion "some weight, but not controlling weight." (Tr. 29). In support of this conclusion, the ALJ provided the following explanation:

> The portion of his opinion regarding the nature and type of the claimant's physical impairments is consistent with the longitudinal history. However, the portion of his opinion regarding the extent of the claimant's physical functional limitations is not fully consistent with the claimant's treatment records throughout the period in question. For example, the claimant's examination findings and treatment records . . . do not support a finding that the claimant needs to lie down or recline due to his back pain for approximately 4 hours in an 8-hour workday in addition to having 3-4 breaks, 30 minutes each, where he could lie down or recline. In addition, this opinion is not supported with Dr. Rickabaugh's prognosis noted in the Physical Residual Function Capacity Medical Source Statement (Exhibit 9F). For instance, Dr. Rickabaugh stated that the claimant's prognosis was good for activities of daily living function with medications. The undersigned notes that such overly restrictive limitations on the claimant's abilities to sit and stand, and the amount of time Dr. Rickabaugh stated the claimant needed to lie down, are inconsistent with those of someone with a good prognosis for activities of daily living function with medications. An individual functioning sufficiently independently in their activities of daily living would not appear to need such restrictive sitting/reclining limitations. Dr. Rickhaugh's [sic] medical source statement is also not fully consistent with the treating notes indicating negative paresthesias and weakness, normal gait, and normal muscle strength and tone despite complaints of chronic pain. There are references also to effective pain medication (Ex. 6F, pages 9-11 ). Subsequent treating notes

4

include includes [sic] some of the same normal and negative findings (Ex. 11F). Moreover, the exertional restrictions in the residual functional capacity adequately account for the claimant's musculoskeletal impairments.

*Id.*

Plaintiff takes issue with the ALJ's finding that Dr. Rickabaugh's opinion that he had a good prognosis for activities of daily living with medication is inconsistent with Dr. Rickabaugh's opinion that Plaintiff needs to lie down or recline due to his back pain for approximately four hours in an eight-hour workday, in addition to having three to four breaks for thirty minutes each where he could lie down or recline. Objections [DE-23] at 1.

Plaintiff's argument has no merit. As the Magistrate Judge pointed out, Plaintiff's "good" prognosis for performing activities of daily living is relevant to his residual functional capacity ("RFC"). M&R [DE-22] at 9; *see* SSR 96-8p, 1996 WL 374184, at *5 (noting that the RFC assessment must be based on all relevant evidence in the record, which includes "[r]eports of daily activities"). Moreover, Dr. Rickabaugh's opinion that Plaintiff had a "good" prognosis for daily activities, when compared to the other extreme limitations he imposed, goes to the inconsistency of Dr. Rickabaugh's opinion. M&R [DE-22] at 9; *see* 20 C.F.R. § 1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Consequently, Plaintiff's first objection is overruled.

**b. Plaintiff argues that the ALJ and the Magistrate Judge failed to address the issue of further injury when deciding the normal findings in the record outweighed the negative findings.**

In his second objection, Plaintiff argues that the ALJ and the Magistrate Judge failed to address the issue of further injury when deciding that the normal findings in the record outweighed

5

negative findings.[2]  Objections [DE-23] at 2-3. According to Plaintiff, the ALJ merely substituted her own opinion for that of Plaintiff's treating physician. *Id.* at 3.

Referring to records from Susan Vettichira, M.D., a physician board certified in physical medicine and rehabilitation, and Dr. Rickabaugh, the ALJ noted that Plaintiff's "[p]hysical examinations routinely reveal back pain on range of motion, slightly reduced strength findings, joint stiffness and anxiety (Exhibit[s] 3F, 8F)." (Tr. 28). The ALJ acknowledged that imaging studies revealed multilevel spondylosis with moderate to severe neuro-foraminal narrowing, which is greatest at L4-5 and L5-S1, and mild degenerative changes in the hips. *Id.*

The Magistrate Judge pointed out that the ALJ did not rely on normal examination findings to the exclusion of the other evidence. M&R [DE-22] at 10. The Magistrate Judge noted that the ALJ explained that despite Plaintiff's musculoskletal impairments, Dr. Rickabaugh's severe restrictions were not supported by his treatment notes. *Id.* (citing Tr. 29). For example, Plaintiff's physical findings generally reveal a well-developed and well-nourished individual in no obvious distress. *Id.* (citing Tr. 28). Also, Plaintiff's musculoskeletal findings reveal a normal gait, full muscle strength in all major muscle groups, normal tone overall, and no apparent tremor. *Id.* (citing Tr. 28). Plaintiff's mental status examinations were routinely normal, and treatment records indicate his medication regimen, when taken as prescribed, was helpful in alleviating his symptoms. *Id.* Plaintiff's most recent physical examination findings continue the trend of effective and conservative treatment. *Id.* (citing Exhibit 11F). On July 3, 2013, Plaintiff had stable and non-progressive degenerative disc disease of the lumbar spine with

---

[2] The exact basis of Plaintiff's second objection is not completely clear to this court. Plaintiff's counsel is advised that it would help this court if she would use headings and introductions such as, "Plaintiff's first objection is . . . ."

6

no change to his medicine regimen. *Id.* (citing Exhibit 10F/17). On January 14, 2014, Plaintiff was seen for complaints of constant and moderately intense throbbing and aching in his left, lower lumbar spine. *Id.* The physical examination revealed a stable condition. *Id.* Plaintiff's medication regimen was continued, and he was advised to avoid overexertion and reinjury. *Id.* (citing Exhibit 11F). The ALJ concluded that the above-stated findings and conservative measures supported her view that Plaintiff's treatment regimen has been generally successful throughout the time period in question. *Id.*

Plaintiff's argument that the ALJ and Magistrate Judge failed to address the issue of further injury lacks merit. As the Magistrate Judge pointed out, "[i]t is insufficient for the [Plaintiff] to point to other record evidence and argue that the ALJ's decision is unfounded." M&R [DE-22] at 11. Plaintiff's argument is essentially an invitation to reweigh the evidence in this case, and that is something this court cannot do. *See Hancock v. Astrue*, 667 F.3d 470, 478 (4th Cir. 2012) ("We must sustain the ALJ's decision, even if we don't agree with it, provided the determination is supported by substantial evidence." (citation omitted)); *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) (same). Accordingly, Plaintiff's second objection is overruled.

### c. Plaintiff argues that the Magistrate Judge erred by finding that the ALJ's failure to conduct a function-by-function analysis with respect to his ability to lift does not require remand.

In his third and final objection, Plaintiff argues that the Magistrate Judge erred by finding that the ALJ's failure to conduct a function-by-function analysis with respect to his ability to lift does not require remand. Objections [DE-23] at 3-5.

In *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit Court of Appeals addressed whether an ALJ's failure to perform a function-by-function assessment required remand.

7

*Id.* at 636-37. The Court held that "a per se rule [requiring remand when the ALJ does not perform an explicit function-by-function analysis] is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are irrelevant or uncontested." *Id.* at 636 (citation omitted). Even so, the Court agreed with the Second Circuit that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (citation omitted).

After discussing Plaintiff's symptoms and the medical and opinion evidence offered, the ALJ determined that Plaintiff was capable of lifting and/or carrying ten pounds frequently and twenty pounds occasionally. (Tr. 26-30). In so finding, the ALJ relied in part on the opinion of state agency physician Stephen Levin, M.D. that Plaintiff was capable of lifting at the light level of exertion.[3] (Tr. 28). The ALJ also found Plaintiff required a sit/stand option, which was based on new evidence that was not considered by Dr. Levin. (Tr. 28-29).

The Magistrate Judge found that in light of the reasons explained in the discussion of Dr. Rickabaugh's opinion, the ALJ's omission did not frustrate meaningful review in this case. M&R [DE-22] at 14. The Magistrate Judge further found that the ALJ's RFC analysis adequately addressed Plaintiff's ability to lift and was supported by substantial evidence. *Id.* The Magistrate Judge concluded that the ALJ's failure to conduct a function-by-function analysis with respect to Plaintiff's ability to lift did not warrant remand. *Id.* at 15.

Plaintiff argues that the Magistrate Judge cited two inapposite cases in support of the

---

[3] "Light work" involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b).

8

proposition that the ALJ's reliance on a state agency physician's opinion obviates the need for the ALJ to do a separate function-by-function analysis: *Berry-Hobbs v. Colvin*, No. 1:15CV01103, 2016 WL 4621080 (M.D.N.C. Sept. 6, 2016), and *Sineath v. Colvin*, No. 1:16CV28, 2016 WL 4224051 (M.D.N.C. Aug. 9, 2016). Objections [DE-23] at 3-4. This reflects a misreading of the M&R. *Berry-Hobbs* and *Sineath* were cited by the Magistrate Judge to support his conclusion that "[t]aken as a whole, the ALJ's RFC analysis adequately addresses [Plaintiff's] ability to lift and is supported by substantial evidence." M&R [DE-22] at 14.

For the reasons addressed by the Magistrate Judge, the ALJ's failure to conduct a function-by-function analysis with respect to Plaintiff's ability to lift does not require remand. Consequently, Plaintiff's third objection is overruled.

## II. Conclusion

In light of the foregoing, and upon *de novo* review of the portions of the Magistrate Judge's M&R to which specific objections were filed, the court ADOPTS the findings and recommendations of the Magistrate Judge, Plaintiff's Motion for Judgment on the Pleadings [DE-16] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE-18] is ALLOWED, and the Commissioner's final decision is AFFIRMED.

The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 22 day of February, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge